435 So.2d 628 (1983)
Phillip J. DALGO
v.
STATE of Mississippi.
No. 53269.
Supreme Court of Mississippi.
March 30, 1983.
Vick & Diaz, Gregory L. Harper, Jackson, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.

ON PETITION FOR REHEARING
ROY NOBLE LEE, Justice, for the Court:
The petition for rehearing is granted, the former opinion in this case rendered October 6, 1982, is withdrawn, and this opinion is substituted therefor.
Phillip J. Dalgo was indicted and tried in the Circuit Court of the Second Judicial District, Harrison County, Honorable J. Ruble Griffin, presiding, for carrying a concealed weapon after conviction of a felony and for being an habitual criminal. The jury having found Dalgo guilty as charged, he was sentenced by the trial judge to life imprisonment as a habitual criminal under Mississippi Code Annotated § 99-19-83 (Supp. 1981), and he has appealed here.
On October 31, 1979, Detective James Bessee was driving in the area of the west gate, Keesler Air Force Base, when he observed a small group of people in front of Mother Tucker's Lounge. One of the persons in the crowd appeared to be Dickey Foster, for whom there was an outstanding warrant. Bessee drove his car up to the curb, got out, and then realized the person was not Foster, but Dalgo (whom he knew). He observed a marijuana cigerette in Dalgo's hand, which was passed to a companion. Bessee radioed for assistance and when a backup unit arrived, he placed Dalgo under arrest and asked Patrolman Kevin Ladnier to frisk Dalgo for weapons. Ladnier found a .22-caliber Colt revolver, Huntsman model, loaded with a full nine-round clip, inside the waistband of Dalgo's pants and covered by his shirt.
Dalgo's defense at trial was that he had been threatened previously with bodily harm and was authorized to carry a concealed weapon for protection. The jury rejected that defense. We have carefully examined the assignments of error and find no merit in them. However, we address the question of whether or not the lower court conducted a proper sentencing hearing prior to imposing sentence upon Dalgo.
*629 The indictment sets forth the substantive crime and the habitual criminal requirements in clear and unambiguous language. [See Appendix] The habitual criminal portion of the indictment charges Dalgo with four previous convictions; that he served at least one year of each conviction in the Mississippi State Penitentiary at Parchman, Mississippi; and that one such conviction, assault with intent to rape, involved a crime of violence. The indictment sets forth with certainty that the habitual criminal statute violated is Mississippi Code Annotated § 99-19-83 (Supp. 1981), which follows:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation. (Emphasis added)
The events occurring in the courtroom from the time the jury returned its verdict until imposition of sentence follow:
AFTER COMPLETION OF ARGUMENT BY COUNSEL, THE JURY WAS THEREUPON RETIRED FROM THE COURTROOM TO CONSIDER ITS VERDICT, AND RETURNED TO THE COURTROOM, AFTER THIRTY-ONE MINUTES, AND THE FOLLOWING VERDICT WAS READ BY A MEMBER OF THE JURY:
"We, the jury, find the Defendant, Phillip Joseph Dalgo, guilty of carrying a concealed weapon after conviction of a felony."
THE JURY WAS THEREUPON POLLED, AT THE REQUEST OF THE DEFENSE ATTORNEY, WHICH RESULTED IN A UNANIMOUS VERDICT OF GUILTY.
* * * * * *
BY MR. THOMAS: If Your Honor Please, in view of the jury's verdict, I move at this time to introduce into evidence certified records, under the hand of Christine Houston, Director of Record, at the time of this certification, on the Defendant, Phillip Joseph Dalgo, showing previous convictions for assault with intent to rape, and a three year sentence, two separate indictments taken at the same time by pleas of guilty of delivery of a controlled substance, and also another sentence under a conviction for carrying a concealed weapon after conviction of a felony. The certified records, and you can look at them, Judge, indicate a sentence on each charge of one year or more in the State Penitentiary under conviction for a felony. And they also certify and show the confinements for each of the charges.
SAID RECORDS WERE THEREUPON MARKED AS STATE'S EXHIBIT "C", AND ARE AS FOLLOWS:
* * * * * *
BY THE COURT: With that having been marked in evidence, the Court now makes the finding that Phillip Joseph Dalgo is an habitual offender, as contemplated by the statutes of the State of Mississippi on that subject, having previously served separate sentences of one year or more, imposed at separate times, one of which was a crime of violence, so he becomes subject to sentence under that statute. Do you have anything to say, Mr. Tisdale?
BY MR. TISDALE: Only a request that he be sent to Parchman as soon as possible to continue the drug program.
BY THE COURT: I will do the best I can. Do you have anything you want to say, Phillip?
BY THE DEFENDANT: No, Sir.
BY THE COURT: Well, of course, I have no choice in the sentence here, Phillip. The Judge has nothing to do with the sentence; the Legislature passed the sentence, *630 and it is there, and the Judge is just a mouth-piece that parrots it out. I was disappointed that you didn't accept the District Attorney's offer on the plea, so it wouldn't become necessary to impose this large sentence on you, but the way it is now I have no alternative... .
In Wilson v. State, 395 So.2d 957 (Miss. 1981), the Court said:
Our conclusion is that Rule 6.04, supra, and § 99-19-83, supra, both contemplate that the court (in the second phase of the trial) without a jury should hear evidence and make a determination of whether the defendant has been previously convicted under § 99-19-83. At this second phase hearing, the burden rests upon the State of Mississippi to prove the previous convictions and prove them beyond a reasonable doubt.
* * * * * *
... Of course, at the second stage of the trial when the habitual criminal issue is tried the defendant must be afforded ample opportunity to dispute the truth of the assertion made by the state that he is an habitual offender. The defendant must be accorded his right to be confronted with witnesses and cross examine them when appropriate in the conduct of the second stage of the trial. Of course at that time he will have his usual right to secure the presence of witnesses by process of the court. [Emphasis added] [395 So.2d at 960].
After return of the jury verdict, the district attorney introduced into evidence certified copies of the previous convictions. At that point, the trial judge specifically asked appellant's attorney, Mr. Tisdale, if he had anything to say, that is, did he wish to offer anything in rebuttal of the records and convictions. The attorney responded in the negative. The court then inquired of Dalgo whether he had anything to say, and he stated that he did not. Clearly, appellant and his attorney were given the right to refute the evidence of convictions and they declined to do so or to request any additional hearing. At the least, there was a waiver of appellant's right to proceed and introduce evidence on his behalf in the sentencing phase.
The indictment here was sufficient to apprise the appellant that the State was seeking to impose a life sentence without eligibility for parole or probation. Although including the habitual offender section number in the indictment would be helpful to parties and the court, it is not essential to the validity of the indictment. In Osborne v. State, 404 So.2d 545, 547-548 (Miss. 1981), we said:
Osborne next complains of the failure of the State to specify in the indictment which section of the habitual criminal statute, Miss. Code Ann. § 99-19-81 or § 99-19-83, applied to him. Osborne argued for application of the rule stated in White v. State, 374 So.2d 225 (Miss. 1979), that "when the facts which constitute a criminal offense may fall under either of the two statutes, or when there is substantial doubt as to which of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment."
In the present case the facts which constitute the criminal offense fall only under one statute, Miss. Code Ann. § 97-37-1 (1972), dealing with carrying a concealed weapon. There are not two statutes which apply to the criminal offense in this case. Sections 99-19-81 and 99-19-83 of the Miss. Code Ann. are not criminal offenses and only affect sentencing. Further the indictment in the present case fully complied with the requirements of Rule 6.04 of the Mississippi Uniform Criminal Rules by listing the principal charge and the previous convictions with the required particularity. The indictment also complied with Rule 2.05 of the Mississippi Uniform Criminal Rules concerning the form of the indictment.
See also Diddlemeyer v. State, 398 So.2d 1343 (Miss. 1981); Taylor v. State, 426 So.2d 775 (Miss. 1983).
Dalgo received a fair trial. His criminal record is conclusive and his habitual criminal status was proved beyond reasonable *631 doubt. The lower court committed no reversible error and its judgment is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and PRATHER and ROBERTSON, JJ., concur.
DAN M. LEE, HAWKINS and BOWLING, JJ., dissent.

APPENDIX
After he, the said Phillip Joseph Dalgo, had previously theretofore been convicted of the crime and felony of Unlawful Delivery of a Controlled Substance, said conviction having been had in Cause No. 45 on November 13, 1972, in the Circuit Court of Harrison County, Mississippi, for the Second Judicial District, and wherein the said Phillip Joseph Dalgo received a sentence of 5 years in the Mississippi State Penitentiary at Parchman, Mississippi, and did thereafter serve at least one year of said sentence, and
After he, the said Phillip Joseph Dalgo, had previously theretofore been convicted of the crime and felony of Unlawful Delivery of a Controlled Substance, said conviction having been had in Cause No. 46 on November 9, 1972, in the Circuit Court of Harrison County, Mississippi, for the Second Judicial District, and wherein the said Phillip Joseph Dalgo received a sentence of 1 year in the Mississippi State Penitentiary at Parchman, Mississippi, and did thereafter serve at least one year of said sentence,

After he, the said Phillip Joseph Dalgo, had previously theretofore been convicted of the crime and felony of Assault with intent to Rape, said conviction having been had in Cause No. 5772 on July 28, 1964, in the Circuit court of Jackson County, Mississippi, and wherein the said Phillip Joseph Dalgo, received a sentence of 3 years in the Mississippi State Penitentiary at Parchman, Mississippi, and did thereafter serve at least one year of said sentence, and
After he, the said Phillip Joseph Dalgo, had previously theretofore been convicted of the crime and felony of Carrying a Concealed Weapon After Conviction of a Felony, said conviction having been had in Cause No. 1051 on October 29, 1975, in the Circuit Court of Harrison County, Mississippi for the Second Judicial District, and wherein the said Phillip Joseph Dalgo, received a sentence of 2 years in the Mississippi State Penitentiary at Parchman, Mississippi, and did thereafter serve at least one year of said sentence, ... (Emphasis added)
DAN M. LEE, Justice, dissenting:
With great deference to my colleagues, I must dissent from the majority. In the case sub judice, the trial judge, after admitting into evidence certain documents of appellant's previous convictions, found appellant to be an habitual criminal before affording him any opportunity to dispute the truth of the assertion by the state that he was an habitual offender. Such a finding was clearly made prior to the trial judge's inquiry as to whether appellant had anything to say. The record reflects the following sequence of events in this regard:
AFTER COMPLETION OF ARGUMENT BY COUNSEL, THE JURY WAS THEREUPON RETIRED FROM THE COURTROOM TO CONSIDER ITS VERDICT, AND RETURNED TO THE COURTROOM AFTER THIRTY-ONE MINUTES, AND THE FOLLOWING VERDICT WAS READ BY A MEMBER OF THE JURY:
"We, the jury, find the Defendant, Phillip Joseph Dalgo, guilty of carrying a concealed weapon after conviction of a felony."
THE JURY WAS THEREUPON POLLED, AT THE REQUEST OF THE DEFENSE ATTORNEY, WHICH RESULTED IN A UNANIMOUS VERDICT OF GUILTY.
* * * * * *
BY MR. THOMAS: If Your Honor Please, in view of the jury's verdict, I move at this time to introduce into evidence certified records, under the hand of *632 Christine Houston, Director of Records, at the time of this certification, on the Defendant, Phillip Joseph Dalgo, showing previous convictions for assault with intent to rape, and a three-year sentence, two separate indictments taken at the same time by pleas of guilty of delivery of a controlled substance, and also another sentence under a conviction for carrying a concealed weapon after conviction of a felony. The certified records, and you can look at them, Judge, indicate a sentence on each charge of one year or more in the State Penitentiary under conviction for a felony. And they also certify and show the confinements for each of the charges.
SAID RECORDS WERE THEREUPON MARKED AS STATE'S EXHIBIT "C", AND ARE AS FOLLOWS:
* * * * * *
BY THE COURT: With that having been marked in evidence, the Court now makes the finding that Phillip Joseph Dalgo is an habitual offender, as contemplated by the statutes of the State of Mississippi on that subject, having previously served separate sentences of one year or more, imposed at separate times, one of which was a crime of violence, so he becomes subject to sentence under that statute. Do you have anything to say, Mr. Tisdale?
BY MR. TISDALE: Only a request that he be sent to Parchman as soon as possible to continue the drug program.
BY THE COURT: I will do the best I can. Do you have anything you want to say, Phillip?
BY THE DEFENDANT: No, Sir.
After the trial judge made his finding that appellant was an habitual offender, there was nothing left for appellant to say except to plead for mercy.
By the action of the trial judge, appellant was denied the opportunity to dispute or rebut the evidence tendered in support of the habitual offender charge. This valuable opportunity must exist prior to such a finding and not thereafter. Accord dissent in Wilson v. State, 395 So.2d 957, 961 (Miss. 1981).
An examination of the record establishes beyond peradventure that the trial judge made his finding prior to any opportunity being given to appellant or his counsel to refute the accuracy or credibility of the evidence tendered. In my humble opinion, appellant was neither given the right to refute such evidence or the opportunity to waive his rights thereto because he had already been adjudicated an habitual offender prior to being asked whether he had anything to say.
I would therefore reverse appellant's sentence and remand the case to the circuit court for resentencing, affording appellant the opportunity to refute any evidence tendered to support a charge as an habitual offender.
BOWLING and HAWKINS, JJ., join this dissent.
HAWKINS, Justice, dissenting:
I join in the dissent of Justice Dan Lee. This case is Exhibit A for the wisdom of requiring a jury to pass upon the actual fact of whether a defendant is a habitual offender. See Wilson v. State, 395 So.2d 957, 961-64 (Miss. 1981) (Hawkins, J., dissenting).