## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CA-00705-SCT

*JERRY WALKER*

*v.*

*STATE OF MISSISSIPPI*

### ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 06/01/94 |
| TRIAL JUDGE: | HON. MELVIN KEITH STARRETT |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| | BY: PAT S. FLYNN |
| DISTRICT ATTORNEY: | DUNN LAMPTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/20/97 |
| MOTION FOR REHEARING FILED: | 05/01/96 |
| MANDATE ISSUED: | 12/1/97 |

**EN BANC.**

**PITTMAN, JUSTICE, FOR THE COURT:**

### INTRODUCTION

¶1. Motion for Rehearing granted. The original opinions in this case are withdrawn and this opinion affirming the trial court is substituted therefor.

¶2. Jerry Walker appeals the denial without evidentiary hearing of his motion for post-conviction relief in the Circuit Court of Lincoln County. Walker's motion alleged (among other things) that his guilty plea to a charge of armed robbery had been entered involuntarily. Prior to filing his motion for post-conviction relief, Walker made two requests for the transcript of his plea hearing, which were

denied by the trial court. Although Walker did not raise this issue on appeal to this Court, we briefly address this issue to express this Court's opinion that the trial court was correct in its denial of Walker's request for a free copy of his plea transcript. Pursuant to our holding in *Fleming v. State*, 553 So. 2d 505 (Miss. 1989) (holding that petitioner did not show a specific need nor that the documents sought were necessary to decide a specific issue; and therefore, he was not entitled to the documents free of charge), we find that Walker did not demonstrate sufficient need to entitle him to a free copy of his plea transcript.

¶3. On appeal, Walker raises the sole issue of ineffective assistance of counsel. Finding that Walker failed to offer any evidence to substantiate his claim of ineffective assistance of counsel, we hold that the trial court was correct in denying his motion for post-conviction relief. We affirm the holding of the trial court.

## FACTS AND PROCEDURAL HISTORY

¶4. On January 13, 1992, Jerry Walker was indicted in the Circuit Court of Lincoln County on one count of armed robbery and one count of aggravated assault. Walker pled guilty to the charge of armed robbery (the charge of aggravated assault was dismissed on January 22, 1992, pursuant to an order of nolle prosequi), and was sentenced on January 30, 1992, to eight years in prison without parole. In February 5, 1994, Walker filed a Motion for Plea Transcript and affidavit of poverty. On February 9, 1994, the court denied Walker's motion, stating that "the plea transcript has not been transcribed and is not part of the file and that no showing of need for same has been shown." On May 7, 1994, Walker filed another request for his plea transcript and other documents. The record contains no ruling on the second transcript request. But Walker never received his transcript leading one to assume it was denied.

¶5. On May 21, 1994, Walker filed a motion for post-conviction relief in the circuit court, asserting that (1) his plea was involuntary, and entered without understanding of the charge and consequences of a plea; and (2) he was not advised of the minimum and maximum sentences for the charges against him. Walker asserted that he would not have pled guilty had he known of the three-year mandatory minimum sentence for armed robbery. He requested an evidentiary hearing and that the court grant him parole or early release. The trial court found that Walker was not entitled to any relief, and denied the motion without hearing by order dated June 18, 1994. It is from the denial of this motion that Walker appeals to this Court raising the following issue:

> **WHETHER PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE 6TH AMENDMENT OF THE UNITED STATES CONSTITUTION.**

¶6. Finding the issues raised by Walker in his motion for post-conviction relief to be without merit coupled with the fact that the issues raised in the trial court are not before this Court on appeal, we therefore lack jurisdiction to address these issues. The only issue now before this Court as discussed supra, is one of ineffective assistance of counsel.

## ANALYSIS

¶7. Walker argues ineffective assistance of counsel. He alleges that his attorney only visited him once

prior to entry of his guilty plea thus denying him effective assistance of counsel. Walker further states that his attorney's failure to do any investigative work prejudiced him, and caused him to plead guilty. Walker says that his attorney's advising him that he faced a thirty-year sentence if convicted was encouraging him to "cop out," and he perceived same as a threat. He alleges that his attorney's advice resulted in his "being intimidated to the point that he would take any plea offer that involved a more merciful sentence." Finally, Walker asserts that his attorney's actions forced a denial of his constitutional right to confront the witnesses against him.

¶8. To prove a claim of ineffective assistance of counsel, a petitioner must show (1) deficiency of counsel's performance (2) sufficient to constitute prejudice to the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Moody v. State,* 644 So. 2d 451, 456 (Miss. 1994). The burden of proving that both prongs of *Strickland* have been met is on the defendant who faces a "rebuttable presumption that counsel's performance falls within the broad spectrum of reasonable professional assistance." *Moody*, 644 So. 2d at 456; *McQuarter v. State,* 574 So. 2d 685, 687 (Miss. 1990). The *Strickland* test "'applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Brooks v. State,* 573 So. 2d 1350, 1353 (Miss. 1990) (*quoting* *Leatherwood v. State,* 539 So. 2d 1378, 1381 (Miss. 1989)).

¶9. Walker offers no substantiation of his claim of ineffective assistance of counsel. He simply asserts that his attorney devoted an inadequate amount of time to his case, and that his attorney "threatened" him with a harsh sentence if he did not plead guilty. This Court notes, however, that the fact that his attorney conferred with him only once does not, in and of itself, establish ineffective assistance of counsel. *See Harveston v. State,* 597 So. 2d 641, 642 (Miss. 1992)(Court rejects ineffective assistance of counsel claims where attorney conferred with defendant for only one hour and fifteen minutes prior to guilty plea; "Harveston's complaints of ineffective assistance of counsel, because his attorney failed to make pretrial investigation and to spend more time with him, are insufficient as a matter of law"). Moreover, this Court notes that Walker ultimately received an 8-year sentence when facing a possible 30-year sentence. We do not regard this result as indicative of a valid claim of ineffective assistance of counsel.

¶10. In the affidavit filed with his motion for post-conviction relief, Walker states, "[t]he identified person or persons, admitted to committing the crime, also stated, I the third party was not involved." Presumably, this is an assertion that someone else admitted to committing the crime, and also stated that Walker was not a participant in the crime. However, Walker makes no assertion that he advised his attorney of this information, nor does his attempt to substantiate the above statement with the affidavit of the speaker or anyone else who might confirm the statement. In sum, Walker offers no evidence whatsoever that his attorney's performance was deficient. To merit an evidentiary hearing on the issue of ineffective assistance of counsel, a defendant's allegations of counsel's performance must raise "sufficient questions of fact on the issue of ineffective assistance of counsel." *Washington v. State,* 620 So. 2d 966, 970 (Miss. 1993); *see also Alexander v. State,* 605 So. 2d 1170, 1173 (Miss. 1992). Furthermore, this Court has stated that an argument for ineffective assistance of counsel is strengthened by **not** informing the defendant of the maximum sentence he faces. *Vittitoe v. State*, 556 So. 2d 1062, 1065 (Miss. 1990) (*quoting* Uniform Criminal Rules of Circuit Court Practice, Rule 3. 03). Any failure to inform the defendant of the maximum possible sentence is not relevant in the case sub judice.

¶11. Therefore, we hold that Walker has failed to raise sufficient questions of fact on the issue of ineffective assistance of counsel; therefore, he is not entitled to relief on this issue.

## CONCLUSION

¶12. Walker fails to offer any evidence to substantiate his claim of ineffective assistance of counsel; therefore, this assignment of error is without merit. Consistent with this Court's previous decisions regarding ineffective assistance of counsel, the ruling of the Circuit Court of Lincoln County is affirmed.

¶13. **LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**