727 So.2d 761 (1998)
Freddie Doug BURRELL a/k/a Freddie Douglas Burrell, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KP-00404 COA.
Court of Appeals of Mississippi.
December 30, 1998.
*763 Pro Se, Appellant.
Morris Sweatt, Sr. (Withdrawn), Columbia, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Attorney for Appellee.
Before BRIDGES, C.J., and HERRING, HINKEBEIN and KING, JJ.
HERRING, J., for the Court:
¶ 1. Freddie Doug Burrell appeals to this court pro se from his conviction and sentence in the Marion County Circuit Court of sale or transfer of a controlled substance and adjudication as an habitual offender, in violation of Mississippi Code Annotated §§ 41-29-139 (Rev.1993) and 99-19-83 (Rev.1994). He was sentenced to serve a term of life imprisonment without the possibility of reduction or suspension and without the possibility of parole. Finding error, we reverse and remand.

A. THE FACTS
¶ 2. On February 22, 1996, James Kitchens, Captain of the Collins, Mississippi Police Department, was working as an undercover agent in the City of Columbia, which is located in Marion County. In his undercover capacity, he arranged a meeting with Freddie D. Burrell, during which he purchased an amount of crack cocaine, a controlled substance. Captain Kitchens went with Bobby Coleman, a confidential informant, to Burrell's home where the meeting was to take place. Upon arrival, Kitchens met Burrell outside of his home, and they proceeded to go inside the house to exchange the cocaine for the money. Unbeknownst to Burrell, the funds were provided to Kitchens by the Mississippi Bureau of Narcotics for the purpose of conducting a controlled buy with Burrell. Primarily for his own protection and prior to the meeting with Burrell, Captain Kitchens was equipped by an officer of the Mississippi Bureau of Narcotics with a body wire which recorded the conversation between Kitchens and Burrell during the entire transaction.
¶ 3. On September 19, 1996, Burrell was indicted by the Grand Jury of Marion County on the charge of sale or transfer of a controlled substance. Subsequently, on January 22, 1997 (the day of Burrell's trial), the Circuit Court of Marion County allowed the district attorney to amend the indictment to include Burrell's prior convictions, thereby classifying Burrell as an habitual criminal pursuant to Miss.Code Ann. § 99-19-83 (Rev.1994). The jury returned a verdict finding Burrell guilty as charged of the sale or transfer of a controlled substance. Thereafter, the jury was dismissed, and the trial court conducted a sentencing hearing, as required by Uniform Circuit and County Court Rule 10.04. At the request of the appellant, the court recessed the sentencing hearing, and the hearing was later resumed and concluded on January 31, 1997.
¶ 4. At the sentencing hearing, the court found that the State of Mississippi did prove beyond a reasonable doubt that the appellant was an habitual offender as defined in Mississippi Code Annotated § 99-19-83 (Rev. 1994) and had been convicted previously of the felony charges of perjury and armed robbery. The court sentenced Burrell to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections, without the possibility of reduction or suspension of his sentence and without the possibility of parole.

*764 B. THE ISSUES
¶ 5. The appellant, Burrell, raises the following issues on appeal which are taken verbatim from his brief:
I. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL WHERE THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE IN FAVOR OF ACQUITTAL AND WAS THE RESULT OF BIAS AND PREJUDICE AGAINST APPELLANT, DELIBERATELY MANUFACTURED BY THE PROSECUTION, RATHER THAN A VERDICT BASED UPON THE EVIDENCE PRESENTED AT TRIAL.
II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR OF CONSTITUTIONAL DIMENSION WHERE IT DISREGARDED APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW, UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, WHEN THE COURT REFUSED TO GRANT APPELLANT'S MOTION FOR DIRECTED VERDICT AT THE CONCLUSION OF THE STATE'S CASE-IN-CHIEF AND AGAIN AT THE CONCLUSION OF THE TRIAL WHERE THE COURT REFUSED TO GRANT INSTRUCTION D-1 WHEN IT WAS CLEAR THAT THE STATE FAILED TO PROVE THE CHARGES CONTAINED IN THE INDICTMENT.
III. THE TRIAL COURT DISREGARDED APPELLANT'S CONSTITUTIONAL RIGHTS, UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, WHEN THE COURT ALLOWED A WITNESS TO TESTIFY AT TRIAL WHO HAD REMAINED IN THE COURTROOM THROUGHOUT THE TRIAL AND WHILE OTHER WITNESSES TESTIFIED, WHERE SUCH TESTIMONY WAS IN VIOLATION OF THE SEQUESTRATION RULE.
IV. THE TRIAL COURT COMMITTED CONSTITUTIONAL AND PLAIN ERROR WHERE IT ALLOWED THE STATE TO AMEND THE INDICTMENT TO ADD HABITUAL OFFENDER ENHANCED PUNISHMENT PROCEEDINGS TO THIS CAUSE WHERE APPELLANT HAD NOT BEEN ACTUALLY INDICTED AS A HABITUAL OFFENDER BY THE GRAND JURY WHICH RETURNED THE INDICTMENT.
V. THE TRIAL COURT COMMITTED FUNDAMENTAL PLAIN CONSTITUTIONAL ERROR WHERE IT REFUSED TO GRANT APPELLANT'S MOTION FOR DISCOVERY AS TO THE PERSONAL FILE AND RESUME OF THE STATE'S CHIEF WITNESS, WHO WAS THE NARCOTICS AGENT WHO ALLEGED THAT APPELLANT HAD SOLD HIM THE DRUGS, SINCE SUCH DISCOVERY WAS NECESSARY IN ORDER TO ALLOW APPELLANT TO PROPERLY PREPARE HIS DEFENSE AND CROSS EXAMINATION.
VI. THE TRIAL COURT COMMITTED FUNDAMENTAL AND PLAIN CONSTITUTIONAL ERROR WHERE IT PERMITTED THE PROSECUTION'S WITNESSES TO TESTIFY, BEFORE THE JURY, ABOUT CERTAIN ALLEGED "BAD ACTS" COMMITTED BY APPELLANT.
VII. THE TRIAL COURT COMMITTED PLAIN FUNDAMENTAL CONSTITUTIONAL ERROR IN IMPOSING A LIFE SENTENCE, WITHOUT PAROLE, WHERE STATE FAILED TO PROVE SUCH HABITUAL STATUS AND WHERE SUCH SENTENCE IS NOT PROPORTIONAL TO THE OFFENSE FOR WHICH THE DEFENDANT WAS CONVICTED.
VIII. APPELLANT WOULD ASSERT THAT MISS. URCCC 7.09 CONSTITUTES AN UNCONSTITUTIONAL RULE WHERE IT PERMITS AN INDICTMENT TO BE AMENDED, TO ENHANCED PUNISHMENT STATUS, WITHOUT BEING SUBMITTED TO THE GRAND JURY WHICH RETURNED SUCH INDICTMENT. APPELLANT'S ENHANCED SENTENCE, IMPOSED UNDER SUCH PRACTICE, *765 IS THEREFORE UNCONSTITUTIONAL.
IX. APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT, UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, TO EFFECTIVE ASSISTANCE OF COUNSEL IN HIS DEFENSE.
X. THE CUMULATIVE EFFECT OF ERRORS, ASSIGNED IN THIS BRIEF, DEPRIVED APPELLANT OF HIS FUNDAMENTAL CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

C. ANALYSIS
¶ 6. We will discuss each assignment of error in sequence. The first three issues will be addressed together.
I. WAS THE VERDICT OF THE JURY AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE OR THE RESULT OF BIAS OR PREJUDICE ON THE PART OF THE PROSECUTION?
II. DID THE COURT ERR IN REFUSING APPELLANT'S MOTION FOR DIRECTED VERDICT?
III. DID THE TRIAL COURT ERR IN ALLOWING JOSEPH TURNAGE TO TESTIFY AT TRIAL WHEN HE WAS PRESENT IN THE COURT ROOM THROUGHOUT THE TRIAL?
¶ 7. Because Burrell's sixth assignment of error requires us to reverse and remand this case for further proceedings, we will not address the merits of the these assignments of error because discussion of these issues will aide neither in the disposition of this case nor in the re-trial of this case on remand.

IV. DID THE TRIAL COURT ERR IN ALLOWING THE STATE TO AMEND THE INDICTMENT TO CHARGE BURRELL AS A HABITUAL OFFENDER?
¶ 8. In the appellant's fourth assertion of error, he contends that allowing the State to amend the indictment on a charge of "sale or transfer of a controlled substance" to classify Burrell as an habitual offender was unconstitutional. Burrell concedes that the indictment was amended in conformance with Uniform Rule 7.09 of the Uniform Rules of Circuit and County Court Practice. Rule 7.09 specifically states that "[i]ndictments may also be amended to charge the defendant as an habitual offender or to elevate the level of the offense where the offense is one which is subject to enhanced punishment for subsequent offenses and the amendment is to assert prior offenses justifying such enhancement." However, he claims that the action taken in accordance with the rule or the rule itself as it pertains to amending an indictment to impose habitual offender status upon a defendant is unconstitutional. In making this argument, the appellant quotes McNeal v. State in saying "the Mississippi Constitution cannot be amended by either case law or rules of court." McNeal v. State, 658 So.2d 1345, 1350 (Miss.1995). He also cites to Quick v. State, 569 So.2d 1197, 1199 (Miss. 1990), which held that the Mississippi Constitution requires an indictment before a person may be prosecuted for a felony, and further that "the court has no power to amend an indictment as to the matter of substance without the concurrence of the grand jury by whom it was found, although amendments as to mere informalities may be made by the court."
¶ 9. In Quick, the defendant was indicted by the grand jury for the offense of aggravated assault pursuant to Miss.Code Ann. 97-3-7(2)(b). The original indictment charged that Quick "did willfully, unlawfully, feloniously, purposely and knowingly commit an aggravated assault upon one Gene Baker, a human being, with a deadly weapon...." However, on the morning of trial the State moved to amend the indictment to include language from subsection (a) of Miss.Code Ann. § 97-3-7(2) which allowed the jury to convict if they found Quick "recklessly caus[ed] serious bodily injury under circumstances manifesting extreme indifference to the value of human life." Id. at 1199. In reversing the conviction, our supreme court concluded that the amendment "proposed a change of substance and not of form." Id. at 1200. The case sub judice may be distinguished from Quick because the amendment in the present case does not alter the substance of the offense. As the State points out, the statutes dealing with the sentencing *766 of habitual criminals, Mississippi Code Annotated §§ 99-19-81 (Rev.1994) and 99-19-83 (Rev.1994), "are not criminal offenses and only affect sentencing." Osborne v. State, 404 So.2d 545, 548 (Miss.1981). The criminal offense of which Burrell was convicted was the crime of sale or transfer of cocaine. The amendment to the indictment charging him as a habitual offender did not affect the substance of the crime of which he was charged, but only the sentencing. The Mississippi Supreme Court held in Griffin v. State, 540 So.2d 17, 21 (Miss.1989) (quoting Reed v. State, 506 So.2d 277, 279 (Miss.1987)) that "[t]he test of whether an accused is prejudiced by the amendment of an indictment or information has been said to be whether or not a defense under the indictment or information as it originally stood would be equally available after the amendment is made and whether or not any evidence [the] accused might have would be equally applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, the amendment is one of form and not of substance." Clearly, the imposition of habitual offender status in this case did not affect any defense Burrell could have asserted to the substance of the offense of which he was accused. The substance of the crime did not change at all. Only the sentencing of his crime was affected.
¶ 10. As stated, the appellant argues that the amendment of his indictment was unconstitutional. In making this argument, he relies upon Article III, § 27 of the Mississippi Constitution of 1890. "A proper reading of Article 3 § 27 of the Mississippi Constitution initially requires an indictment that charges the essential elements of the criminal offense." Jefferson v. State, 556 So.2d 1016 (Miss.1989). We find that Burrell's reliance on Article 3 § 27 is misplaced. He does not allege that the indictment was insufficient in charging the essential elements of the criminal offense, and there is nothing in that section of the Mississippi Constitution which would support his argument that amendment of his indictment, or the rule under which the court allowed the amendment, was unconstitutional. We have previously distinguished Quick and McNeal and no additional argument is made by Burrell as to their application to this case. Therefore, no further discussion is necessary on this issue.
¶ 11. The appellant further asserts that the amendment of the indictment by the State on the eve of trial did not give him proper notice and denied him the opportunity to prepare a defense. For this assertion he relies on Dalgo v. State, 435 So.2d 628 (Miss. 1983) alone. His reliance on Dalgo is misplaced. Dalgo claimed that his indictment was defective because it failed to state the correct section of the Mississippi Code under which the habitual offender status was being imposed upon him. The Dalgo court did note that "at the second stage of the trial when the habitual criminal issue is tried the defendant must be afforded ample opportunity to dispute the truth of the assertion made by the state that he is an habitual offender." Id. at 630. After the return of the verdict against him, Burrell asked for and received an additional week to prepare a defense on the habitual criminal issue. At the beginning of the sentencing hearing, the trial court asked Burrell's attorney if the defense was ready to proceed, to which he replied in the affirmative. Clearly, Burrell and his attorney were given ample opportunity to refute the evidence of his prior convictions, and they declined to do so or to request any additional hearing. Therefore, this issue is without merit.

V. DID THE TRIAL COURT ERR IN DENYING APPELLANT'S MOTION FOR DISCOVERY OF THE PERSONNEL FILE AND RESUMÉ OF THE STATE'S KEY WITNESS?
¶ 12. The appellant asserts in his fifth assignment of error that the trial court denied him his right to prepare an adequate defense by overruling appellant's motion to strike the testimony of Captain Kitchens, which was based on the court's refusing to allow the defense to discover the personnel file of Kitchens. Burrell advances no legal authority in support of this argument except to recite broad theories of the right to cross-examination. However, the particular error which he advances has been addressed by our supreme court in White v. State, 498 *767 So.2d 368 (Miss.1986). The appellant in White argued that he was entitled to personnel files of a detective who was a witness for the prosecution in order to "sift through in hopes of finding something damaging with which to impeach him as a witness." Id. at 371. The Mississippi Supreme Court held in White that "the personnel file of a potential witness is not among the required disclosure in Rule 4.06, nor does appellant cite any authority in support of this contention." Id. Furthermore, the court stated that to require an employer to "surrender the personnel files of an employee to be `sifted through' in such a fashion for no good cause would be an unwarranted invasion of privacy which this Court, under the circumstances, will not condone." Id.
¶ 13. Similarly, at the beginning of trial in the case sub judice, the appellant requested "information regarding any misdeeds or reprimands or just essentially [Captain Kitchens's] personnel resumé and file so that we could use anything like that in our cross-examination of him." That motion was denied, but it was brought up again just prior to the sentencing of the appellant in the form of a motion to strike the testimony of Captain Kitchens. Burrell argued that he had heard through the media that an officer with the Collins Police Department had been suspended for wrongdoing, and that for that reason, he was entitled to strike the testimony of Captain Kitchens. We follow our supreme court and rule that the trial court's denial of the appellant's motion to strike, as well as the initial denial of discovery of Kitchens's personnel file, was proper. This issue contains no merit.

VI. DID THE TRIAL COURT ERR IN ALLOWING THE STATE'S WITNESS TO TESTIFY CONCERNING THE APPELLANT'S PRIOR BAD ACTS?
¶ 14. In his sixth assignment of error, Burrell claims that the trial court erred in allowing witnesses for the prosecution to testify concerning his alleged prior bad acts. He stated that both Captain Kitchens and Bobby Coleman testified that they had bought drugs from the appellant on prior occasions. Actually, the record shows that only Coleman testified concerning Burrell's prior bad acts. Generally, evidence of a crime other than the one for which the accused is being tried is not admissible. Ballenger v. State, 667 So.2d 1242, 1256 (Miss. 1995) (citing Duplantis v. State, 644 So.2d 1235, 1246 (Miss.1994)); Ladner v. State, 584 So.2d 743, 758 (Miss.1991). Prior convictions or wrongful acts may not imply that the defendant is the type of person likely to commit the crime charged. Jenkins v. State, 507 So.2d 89, 92 (Miss.1987). However, such evidence may be admitted for other evidentiary purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident pursuant to M.R.E. 404(b). See Robinson v. State, 497 So.2d 440, 442 (Miss. 1986).
¶ 15. An issue such as this must be presented to the trial court in such a form that the trial judge has the opportunity to consider it with full knowledge of the respective contentions of the parties. House v. State, 445 So.2d 815, 819 (Miss.1984). The appellant in this case made a timely objection prior to the admission of Coleman's testimony concerning prior drug transactions which had taken place between him and Burrell. The trial court made an on the record determination that the evidence was admissible to show identity, and further stated that the evidence was admissible because the probative value of the evidence outweighed the prejudicial effect of the evidence as required by M.R.E. 403. The court found that the purpose of allowing the testimony for identification was not for the purpose of "identifying [the appellant] just as Freddie Burrell," but for "identifying him as Freddie Burrell who sells drugs." (emphasis added).
¶ 16. The State argued that admission of Coleman's testimony as to the prior bad acts of the appellant was proper to establish the identity of the appellant. The question of identity arose when Burrell introduced the testimony of two men who claimed that they were at Burrell's house working on his roof on the day in question. The men claimed that they were at Burrell's house all day, including during the time of the alleged illegal transaction, and they never saw Burrell. In addition to that testimony, Burrell's mother *768 testified that he was with her at the time of the purported incident. Although identity was an issue in the case sub judice, we do not agree that the admission of the evidence was proper. The pertinent part of Coleman's testimony was as follows:
Q. Now, how long have you known Doug Burrell?
A. I been knowing him about twelve, fifteen years.
Q. Ever buy dope from him?
A. Occasionally.
Q. Okay. How many times would you say you bought dope from him?
A. I really couldn't count the times.
¶ 17. This testimony was introduced by the State after a hearing which was conducted outside of the presence of the jury. Burrell's attorney objected to the court allowing such testimony on grounds that it violated M.R.E. 404(b) as well as M.R.E. 403. The State argued that the evidence of Burrell's prior bad acts was offered to show identity. Burrell argued that the evidence of the prior acts was offered to show that he acted in conformity with his prior actions on the occasion in question, a procedure which is specifically prohibited by Rule 404(b). He also contended that Coleman could have identified Burrell by simply testifying that he had known him for twelve to fifteen years without mentioning the prior drug transactions which he had with him. We agree.
¶ 18. There have been instances where our supreme court has allowed evidence of prior crimes to prove intent. In Smith v. State, 656 So.2d 95 (Miss.1995), the defendant was convicted of possession of cocaine with intent to distribute, in violation of Miss.Code Ann. § 41-29-139 (Rev.1993). The State introduced evidence of Smith's prior drug transactions to prove intent to distribute illegal drugs. On appeal, our supreme court determined that "given the difficulty of proving subjective intent, we see no reason to categorically exclude evidence of prior sales." Id. at 99.
¶ 19. Unlike Smith, in the case sub judice there was no need to prove intent to distribute because the evidence clearly showed that the distribution of illegal drugs indeed took place and was an intended sale. Intent was not disputed. As stated, in the present case, the State purportedly offered the evidence of prior drug transactions to show the identity of the appellant. However, evidence of prior crimes or offenses is not admissible "merely because it is similar, but only if it bears such a high degree of similarity as to mark it as the handiwork of the accused." United States v. Silva, 580 F.2d 144 (5th Cir.1978). There was no mark of distinction shown in the prior transactions introduced into evidence that would connect the appellant's previous transactions with the transaction now before this court. As stated in Smith v. State, where the propensity or criminal tendencies of the accused to sell illegal drugs are the only purposes for the admission of prior drug transactions into evidence, the evidence is inadmissible. Smith, 656 So.2d at 99. We see no distinction between offering evidence for the proscribed purpose of showing Freddie Burrell's propensity to sell drugs and the trial court's admission of the evidence to show "Freddie Burrell who sells drugs." In addition, we cannot say that the evidence of prior drug transactions was properly admitted for some other purpose allowed by 404(b), because we find there is no evidence in the record supporting any other purpose for which this evidence could have been admitted. We hold that the trial court admitted the evidence of Burrell's prior drug transactions in direct violation of Rule 404(b) and committed reversible error in doing so.
¶ 20. Furthermore, the trial court failed to give a limiting instruction which was required to be given by the court sua sponte. "Even when other-crimes evidence is admissible under M.R.E. 404(b), it must pass through the `ultimate filter' of M.R.E. 403." Smith, 656 So.2d at 99 (citing Jenkins v. State, 507 So.2d 89, 93 (Miss.1987)). When Rule 404(b) evidence is admitted and an objection to the admission is overruled, that objection is to be considered an invocation to the right of a Rule 403 balancing analysis by the court. Id. at 100. If the evidence passes that hurdle, the court must give a limiting instruction informing the jury "as to the limited purpose for which they are allowed to consider the other-crimes evidence" unless *769 the party objecting to the evidence objects to the giving of the limiting instruction. Id. at 100-01; see also Bounds v. State, 688 So.2d 1362, 1371-72 (Miss.1997) ("It was not until the recent decision by this Court in Smith v. State, 656 So.2d 95, 100 (Miss.1995), that a trial judge was required to give a limited instruction sua sponte.") (emphasis added).
¶ 21. Thus, the trial court committed reversible error, first by admitting the evidence of prior crimes, and second by not issuing for consideration of the jury a limiting instruction sua sponte.

VII. DID THE TRIAL COURT ERR IN IMPOSING A LIFE SENTENCE WITHOUT PAROLE?
¶ 22. Burrell raises two issues under this assignment of error. First, he claims the State failed to prove habitual status beyond a reasonable doubt, and second, he claims that the sentence imposed was not proportional to the offense. We will address the issues in that order.

A. Habitual Offender Status
¶ 23. Burrell claims that the State failed to meet its burden of proving habitual status under Miss.Code Ann. § 99-19-83 beyond a reasonable doubt. In King v. State, 527 So.2d 641, 646 (Miss.1988), the Mississippi Supreme Court held that certified copies of a defendant's commitment papers are competent evidence of previous convictions for purposes of proving that a defendant is an habitual offender pursuant to Mississippi Code Annotated § 99-19-83 (Rev.1994). Estelle v. State, 558 So.2d 843, 848 (Miss.1990).
¶ 24. In the case sub judice, the State introduced evidence by way of certified commitment papers of (1) a conviction of perjury in the Forrest County Circuit Court with a sentence of five years in the State of Mississippi Department of Corrections, and (2) a conviction of armed robbery in Orleans Parish, Louisiana with a sentence of seven years in the State of Louisiana Department of Corrections. Miss.Code Ann. § 99-19-83 provides as follows:
Sentencing of habitual criminals to life imprisonment.
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
The certified commitment papers showed that Burrell did serve over the required one year on both of his sentences. Thus, the State did prove habitual offender status beyond any reasonable doubt, and this issue is without merit.

B. Was Appellant's Sentence Proper?
¶ 25. Burrell next asserts that the sentence imposed upon him in this case is not proportional to his offense. His argument rests upon the belief that the State did not prove habitual status, and therefore the maximum punishment he should receive for his offense should be thirty years as prescribed by Miss.Code Ann. § 41-29-139 (Rev.1993). As previously discussed, the State did prove habitual status beyond any reasonable doubt, and Burrell was sentenced pursuant to Miss.Code Ann. § 99-19-83 (Rev.1994) as a habitual criminal. "Our Court has long been governed by the established rule that a trial court will not be held in error or held to have abused its discretion if the sentence imposed is within the limits fixed by statute." Edwards v. State, 615 So.2d 590, 597 (Miss.1993). As discussed by the Mississippi Supreme Court in Stromas v. State, 618 So.2d 116, 123 (Miss.1993), "[d]rug offenses are very serious, and the public has expressed grave concern with the drug problem." The legislature has responded to this public concern by imposing harsh penalties for those who choose to violate the laws of this state which govern drug offenses. It is the legislature's duty to set the length of sentences for criminal offenses and not the duty of this Court. Thus, because the sentence *770 imposed upon Burrell was within the guidelines set out by the legislature in Mississippi Code Annotated § 99-19-83 (Rev. 1994), we find no error.

VIII. WAS IT UNCONSTITUTIONAL TO ALLOW THE AMENDMENT OF APPELLANTS INDICTMENT TO HABITUAL OFFENDER STATUS?
¶ 26. This assignment of error has been discussed in detail under appellant's fourth assignment of error and no further discussion is necessary.

IX. WAS APPELLANT DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 27. Under his ninth assignment of error, Burrell asserts that he was denied his right to effective assistance of counsel which is guaranteed him under the Sixth Amendment to the United States Constitution. He makes his argument in two simple sentences by claiming that his attorney "failed to summon appropriate witnesses; failed to object to state's failure to prove habitual status by competent evidence; failed to examine the state's main witness, James Kitchens, of information regarding his suspension and pending criminal charges; failed to question Coleman regarding whether he had been convicted of crime and whether he was a drug user. Moreover, the defense counsel failed to properly meet with the defendant prior to and in advance of the trial and prepare for trial."
¶ 28. To establish an ineffective assistance of counsel claim, a party must show (1) a deficiency of counsel's performance that is (2) sufficient to constitute prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997). In Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984), the Mississippi Supreme Court adopted the two-part test from Strickland. See McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). In addition, "[t]he burden is on the defendant to demonstrate both prongs" of the Strickland standard to support an ineffective assistance of counsel claim. McQuarter, 574 So.2d at 687. This standard is based upon the totality of the circumstances surrounding each case. Id.
¶ 29. Mississippi "recognizes a strong but rebuttable presumption that counsel's conduct falls within a broad range of reasonable professional assistance." Id. The Mississippi Supreme Court recognized that "[t]o overcome this presumption, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Schmitt v. State, 560 So.2d 148, 154 (Miss. 1990) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). There is also a presumption that counsel's decisions are strategic in nature, rather than negligent. See Handley v. State, 574 So.2d 671, 684 (Miss.1990); Leatherwood v. State, 473 So.2d 964, 968-69 (Miss. 1985).
¶ 30. We will address the appellants arguments in the order presented.

A. Failure to summon witnesses
¶ 31. Burrell claims that his counsel "failed to summon appropriate witnesses" yet he names no particular witness who might have changed the outcome of the case. Under this argument the appellant contends that the trial attorney should have put on other witnesses without giving us any information as to what type witnesses should have been introduced or their identity. Without a more specific argument we cannot be persuaded that this additional testimony would have resulted in a different outcome or that the failure to call these additional witnesses constitutes deficient performance. Therefore, this argument is without merit.

B. Failure to object to State's failure to prove habitual status by competent evidence
¶ 32. As we discussed under the appellant's seventh assignment of error, the evidence offered by the State to prove habitual status was sufficient to prove such status beyond a reasonable doubt. No basis for an objection *771 to this evidence was raised by the appellant in his brief. Thus, there is no merit to this argument.

C. Failure to examine the State's witness on evidence of the witness's own alleged wrongdoings
¶ 33. This argument is without merit. It was not until the sentencing phase of the trial that the appellant made it known that the media had reported that an officer of the Collins Police Department had been suspended for wrongdoing. Even then, the appellant was not certain that the suspended officer was the State's witness, Kitchens. During the sentencing phase of the trial, the appellant's attorney did make a motion to strike the testimony of the witness based on the speculation that the suspended officer might be Kitchens, but the trial court judge properly overruled the motion.

D. Failure to question the confidential informant regarding prior crimes
¶ 34. Burrell claims that his counsel was ineffective in his failure "to question Coleman regarding whether he had been convicted of crime and whether he was a drug user." This argument is without merit because Burrell's counsel did question Coleman about his drug use, and he also questioned Coleman specifically about his felony charges being reduced by the State in return for his testimony in this case.

E. Failure to meet with the appellant prior to trial
¶ 35. Burrell's fifth assertion of why his attorney was ineffective was that his attorney "failed to properly meet with the defendant prior to and in advance of the trial an prepare for trial."
¶ 36. In Walker v. State, 703 So.2d 266, 268 (Miss.1997) the defendant argued that his counsel did not devote enough time to his case. The Mississippi Supreme Court held "that the fact that his attorney conferred with him only once does not, in and of itself, establish ineffective assistance of counsel." Id. In Harveston v. State, 597 So.2d 641, 642 (Miss.1992), the supreme court ruled that the defendant's claims of ineffective assistance of counsel were insufficient as a matter of law where such claims were based upon assertions that defendant's counsel failed to make pretrial investigation and did not spend more time with the appellant.
¶ 37. The appellant did not show that the outcome of his case would have been different had it not been for his counsel's unprofessional errors. Therefore, he did not rebut the presumption that his counsel acted within the broad range of reasonable professional assistance. There is no merit to this assignment of error.

X. WHETHER CUMULATIVE ERRORS IN THIS CASE ARE CAUSE FOR A NEW TRIAL.
¶ 38. Freddie Burrell finally argues as his final assertion of error that the cumulative errors in the case warrant the granting to him of a new trial. In light of the determination of the previous issues, this argument need not be addressed by this court.
¶ 39. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE TAXED TO MARION COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HINKEBEIN, KING, PAYNE and SOUTHWICK, JJ., concur.