KING, P.J.,
for the Court.
¶ 1. Jessie Rodgers, Jr. a/k/a Jessie Rogers, Jr. (Rodgers) was found guilty of possession of cocaine by the Circuit Court of Humphreys County, Mississippi. He was sentenced to serve a term of three years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Rodgers, acting pro se, has appealed and alleged that he received ineffective assistance of counsel.
FACTS
¶ 2. Jessie Rodgers, Jr. claimed that on February 7, 1998, he was picked up while jogging at 10:00 p.m., arrested and taken to jail for no reason at all. However, law enforcement officers claimed that Rodgers fled from a house located in a high drug traffic area. Officer Randy Blakely of the Humphreys County Sheriffs Department exited his ear and told Rodgers “stop, the police.” Officer Blakely testified that several officers were in the area. When Rodgers did not stop, Officer Blakely called for the other officers and told them that the subject was running and would not stop.
¶ 3. The officers pursued him through the dark with flashlights. Officer Blakely found Rodgers lying on his back in the middle of someone’s yard. He advised Rodgers not to move and notified the other officers who arrived moments thereafter that he had located Rodgers. The officers handcuffed and transported Rodgers to the county jail for refusing to obey a lawful order to “stop.” Upon arrival at the jail, Rodgers was searched for weapons and contraband. A package of rock-like substances was found in the jacket worn by Rodgers. Rodgers told the officers that the jacket did not belong to him, that it belonged to someone called “Mud Bone.” The officers also seized $205.33 found on Rodgers. Rodgers was then advised of his rights and charged with possession of cocaine with intent to distribute.
¶ 4. The package was sent to the Mississippi Crime Laboratory where it was tested by a drug analyst and determined to be 2.6 grams of crack cocaine (approximately 14 rocks). At trial, three witnesses identified Rodgers as the person wearing the jacket which contained the rock-like substances.
¶ 5. At the conclusion of the State’s case, Rodgers’ attorney moved for a directed verdict. He argued to the court that both the arrest and search were improper. He also argued that there was no evidence of any effort by Rodgers to sell or transfer any item, which appeared to be contraband, and the charge of possession of cocaine with intent to distribute was not proven by the State.
¶ 6. The court found that the State had failed to make a prima facie case of intent to distribute, but had made a prima facie case of possession and proceeded on the *1266 charge of possession of cocaine. The jurors were instructed by the court on the charge of possession of cocaine. The jurors found Rodgers guilty of possession of cocaine.
¶ 7. Because Rodgers had a prior conviction for the sale of cocaine, the court sentenced him to a term of three years in the custody of the Mississippi Department of Corrections.
¶ 8. On November 23, 1999, a motion for a new trial was filed by Rodgers’ attorney. This motion was denied on November 24, 1999. On December 2, 1999, Rodgers’ attorney filed a notice of appeal. On December 7, 1999, the court directed that the attorney continue representation of Rodgers on appeal.
¶ 9. On March 24, 2000, a motion to dismiss appeal was filed by Rodgers’ attorney. On March 30, 2000, an order was filed denying this motion because it did not contain:
(1) a certificate of service upon appellee; (2) the appellant’s signature or, alternatively, an accompanying statement signed by the appellant that the effects of dismissal of the appeal are understood and dismissal is the wish of the appellant; and (3) if the dismissal is upon a written plea agreement, it is desirable that a signed copy of the agreement be attached to the motion for voluntary dismissal.
¶ 10. Thereafter, Rodgers’ attorney filed a motion to withdraw as counsel because Rodgers had requested to handle this matter pro se. On October 4, 2000, an order dismissing appointed counsel was granted.
ISSUE AND ANALYSIS
Whether Rodgers received effective assistance of counsel.
¶ 11. Rodgers contends that he received ineffective assistance of counsel. This contention is based upon claims that (1) his attorney did not assist him; (2) his attorney’s conduct was unprofessional which led him to be deprived of his constitutional rights; and (3) his attorney filed a motion to dismiss his appeal without his knowledge.
¶ 12. First, Rodgers’ claim that his attorney did not assist him does not specifically reveal how the attorney failed to assist him. While a pro se litigant, Rodgers is nonetheless required to identify with specificity how his attorney failed to assist him. The absence of such specificity must cause this claim to fail.
¶ 13. Second, Rodgers contends that his attorney’s conduct was unprofessional which led to a deprivation of his constitutional rights. Rodgers suggests that Angela Shaw, a potential juror, who was related to two of the State’s key witnesses, would prejudice his defense and that his attorney was aware of this. However, the record reflects that during voir dire by Rodgers’ attorney, Mrs. Shaw disclosed information regarding her familial relationship to two of the officers and was excluded from the jury selected to hear Rodgers’ case.
¶ 14. As a part of this second claim, Rodgers argues that the failure of his attorney to exclude from the evidence the package of drugs also deprived him of his constitutional rights. However, the record demonstrates that the attorney questioned the validity of the arrest and the search. He specifically sought exclusion of this evidence. That request was denied by the trial judge.
¶ 15. Where an attorney places before the court a motion for exclusion of evidence which is denied by the court, that denial, absent extraordinary circumstances, will not be considered to be inef *1267 fective assistance of counsel. DeSalvo v. State, 776 So.2d 704(¶ 28) (Miss.Ct.App.2000).
¶ 16. Third, Rodgers argues that his attorney filed a motion to dismiss appeal without his knowledge. A motion to dismiss appeal was filed by Rodgers’ attorney. Although the record does not provide the specific information on this issue, the motion was subsequently denied and Rodgers proceeded with his pro se appeal. This action had no impact upon Rodgers’ conviction.
¶ 17. To establish an ineffective assistance of counsel claim, Rodgers must show (1) a deficiency of counsel’s performance that is (2) sufficient to constitute prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997). The burden is on Rodgers to demonstrate the Strickland factors to support an ineffective of counsel claim. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). There has been no showing of deficiency which would constitute prejudice to Rodgers’ defense. We affirm the trial court’s decision.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HUMPHREYS COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HUM-PHREYS COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.