United States Court of Appeals,

Eleventh Circuit.

No. 94-2587

Non-Argument Calendar.

Robert Lee LANE, Petitioner-Appellant,

v.

Harry K. SINGLETARY;  Robert A. Butterworth, Respondents-Appellees.

Feb. 9, 1995.

Appeal from the United States District Court for the Middle District of Florida. (No. 92-362-Civ-T-23(A)), Steven D. Merryday, Judge.

Before TJOFLAT, Chief Judge, KRAVITCH and DUBINA, Circuit Judges.

PER CURIAM:

On August 31, 1989, in the Circuit Court for Manatee County, Florida, petitioner pled guilty, pursuant to a plea bargain with the state, to possessing and trafficking in crack cocaine. Petitioner now seeks a writ of habeas corpus setting aside those convictions. He contends that he is entitled to habeas relief because (1) his attorney provided him ineffective assistance of counsel (a violation of the Sixth and Fourteenth Amendments), and (2) his pleas of guilty to the two offenses were involuntary (a violation of the Fourteenth Amendment). The district court, adopting the findings of fact and conclusions of law reached by a magistrate judge following an evidentiary hearing, denied the writ. We affirm.

After he was convicted in state court, petitioner was indicted and prosecuted in the Middle District of Florida for the conduct that gave rise to his state court convictions. A jury found

petitioner guilty as charged, and the district court sentenced him to prison for life. The two state court convictions at issue played an enhancing role in the district court's fashioning of petitioner's sentence.

Petitioner contends that his attorney's performance in state court failed to meet the Sixth Amendment standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because, among other things, his attorney failed to advise him that he could be prosecuted in federal court, and that, if he were convicted, the court would take his state court convictions into account in fashioning his sentence. Specifically, petitioner claims that his attorney should have advised him that his state court convictions could trigger a sentence of life imprisonment. Had counsel informed him of this possibility, petitioner contends, he would not have pled guilty to the state charges.

The magistrate judge found that counsel's performance in defending petitioner in the Manatee County Circuit Court conformed to the professional standards articulated in *Strickland.* At the time petitioner tendered his guilty pleas to the Manatee County Circuit Court, it was the policy of the United States Attorney for the Middle District of Florida (which includes Manatee County) not to seek a federal indictment for the same criminal act that formed the basis of a conviction in a state court within the district. As Chairman of the Criminal Law Section of the Manatee County Bar Association, petitioner's attorney was well aware of that policy and, thus, as the magistrate judge found, had no reason to believe that, if petitioner pled guilty in state court, he might face

federal prosecution for essentially the same offenses.  For this reason, advising petitioner of the possibility of a federal indictment did not enter counsel's mind.

We do not find clearly erroneous the court's factual finding that counsel performed in a manner that satisfied the standard of practice expected of criminal practitioners in the community.  Nor do we quarrel with the court's conclusion that counsel's performance satisfied the first prong of the *Strickland* test—that is, that it did not "[fall] below an objective standard of reasonableness."  *Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064. It may be that, in a given case, counsel, if he or she is to be effective in the Sixth Amendment sense, must inform a defendant who is considering a plea of guilty to a charge of the possibility that the defendant could be prosecuted in another jurisdiction for the criminal conduct that gave rise to the charge *and* that any sentence that might be imposed on the charge would be taken into account by the court in the other jurisdiction in fashioning the defendant's sentence.  The case before us now, however, is not such a case.

Petitioner's other allegations of attorney ineffectiveness and his claim that his guilty pleas were involuntary are meritless, and thus require no discussion.  The judgment of the district is, accordingly,

AFFIRMED.