CHANDLER, J.,
for the court:
¶ 1. Charles Johnson pled guilty to the charge of possession of cocaine and was sentenced to six years imprisonment. He filed a petition for post-conviction collateral relief seeking vacation of his conviction and sentence, which was denied without an evidentiary hearing. Johnson cites the following issues on appeal:
I. WHETHER JOHNSON’S PLEA WAS VOLUNTARY.
II. WHETHER JOHNSON’S COUNSEL WAS INEFFECTIVE.
*832 III. WHETHER JOHNSON’S GUILTY PLEA WAIVED ANY NON JURISDICTIONAL DEFECTS FOUND IN HIS INDICTMENT.
IV. WHETHER JOHNSON SHOULD HAVE RECEIVED AN EVIDENTIARY HEARING.
Finding no error, we affirm.
FACTS
¶2. Charles Johnson was stopped for speeding by two officers of the Mississippi Highway Patrol. Johnson led the officers on a chase before voluntarily stopping his automobile. When Johnson stopped, the officers ordered Johnson out of the vehicle and told him to put his hands on the car. Rather than complying with the officers’ command, Johnson reached inside the car for a gun. After the officers finally apprehended Johnson, he was taken to the hospital because he was complaining of chest pains.
¶ 3. The Lauderdale Sheriffs Office and Alcohol, Tobacco, and Firearms officers were called to the scene. Johnson allegedly violated federal and state statutes because he was a convicted felon in possession of a firearm.
¶ 4. The State charged Johnson with possession of cocaine, possession of a firearm and assaulting a police officer. Johnson was offered a plea bargain which required that he plead guilty to the possession of cocaine charge. If Johnson pled guilty to the cocaine charge, the State would dismiss the other two charges and would not prosecute Johnson as an habitual offender.
¶ 5. At the time of the plea agreement with the State, the United States had not indicted Johnson on any federal violation. At Johnson’s plea hearing, when he pled guilty to the state violation for cocaine possession, Johnson’s attorney only represented him on the state charges. Since that time, the United States has chosen to prosecute Johnson on the federal charge of possessing a weapon as a convicted felon.
LAW AND ANALYSIS
I. WAS JOHNSON’S PLEA VOLUNTARY?
¶ 6. Johnson argues that his plea was not knowing, voluntary and intelligent because he was “tricked” into pleading guilty by the State and his own attorney. Johnson laments that neither the state nor defense counsel informed him that the United States could prosecute Johnson for the same charge that the State agreed to dismiss. Johnson also contends that the federal authorities and the State authorities conspired to persuade Johnson to plead guilty.
¶ 7. According to Uniform Rules of Circuit and County Court Practice Rule 8.04, a plea of guilty must be voluntarily and intelligently made and there must be a factual basis for the plea. The trial court must determine whether the defendant is competent to understand the nature of the charge, the nature and consequences of the plea, the minimum and maximum possible penalties and the right to trial. If the defendant is advised regarding the nature of the charge and the consequences of the plea, it is considered “voluntary and intelligent.” Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). “Solemn declarations in open court carry a strong presumption of verity.” Baker v. State, 358 So.2d 401, 403 (Miss.1978).
¶ 8. In United States v. Jordan, 870 F.2d 1310 (7th Cir.1989), the court held that a defendant enters into a plea voluntarily if he is aware of the direct consequences of his plea. The possibility of federal prosecution is not construed to be *833 a direct consequence of a plea on a state charge. Id. No state has control over a federal prosecutor.
¶ 9. Johnson’s claim that the State and defense counsel lied to him is without merit. Johnson had not been indicted on the federal charge at the time of the plea bargain. Neither the State nor defense counsel could know that the federal charges would be pursued, and Johnson has produced no evidence to prove the State or his attorney knew the United States would pursue the federal charges. The requirements for a voluntary plea have been met in this case. The trial judge informed Johnson of the nature of his charge, the consequences of pleading guilty, the minimum and maximum penalties he could receive, and a factual basis for the charge and plea. Furthermore, the trial judge fully explained and verified the details of the plea bargain agreement. This assignment of error is without merit.
II. WAS JOHNSON’S COUNSEL INEFFECTIVE?
¶ 10. Johnson argues that defense counsel was ineffective because he did not inform Johnson of the possibility that Johnson could be prosecuted by the United States on the charge of possession of a firearm despite the fact that the State agreed not to prosecute that charge.
¶ 11. Claims of ineffective assistance of counsel are judged by the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two-part test set out in Strickland is whether counsel’s performance was deficient and, if so, whether the deficiency prejudiced the defendant to the point that “our confidence in the correctness of the outcome is undermined.” Neal v. State, 525 So.2d 1279, 1281 (Miss.1987). This standard is also applicable to a guilty plea. Schmitt v. State, 560 So.2d 148, 154 (Miss.1990). A strong but rebuttable presumption exists that “counsel’s conduct falls within a broad range of reasonable professional assistance.” McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). To overcome this presumption, the defendant must show that “but for” the deficiency a different result would have occurred. Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
¶ 12. In United States v. Jordan, 870 F.2d 1310, 1318 (7th Cir.1989), the court held that the defendant must prove his counsel had failed to inform him of the potential federal prosecution, and that but for the lack of information, the defendant would not have pled guilty. In Lane v. Singletary, 44 F.3d 943, 944-45 (11th Cir. 1995), the court held that it is not ineffective assistance to advise a plea agreement that could result in a subsequent prosecution when counsel had strong reason to believe no subsequent prosecution would ensue.
¶ 13. In this case, defense counsel wrote Johnson a letter stating that he only represented Johnson on the state charges. At the hearing, the trial court explained the details of the plea agreement to Johnson. Johnson specifically acknowledged that he had read and understood the agreement in its entirety and that he was satisfied with the agreement and he was satisfied with the assistance provided by his attorney. Johnson affirmed that his guilty plea was not based on any promises or representations other than those contained in the guilty plea.
¶ 14. Johnson has not shown that another practical alternative was available to him other than the plea agreement offered by the State. There is no reasonable probability that Johnson would have insisted on going to trial and facing additional state charges as well as the likelihood of being convicted as an habitual offender *834 regardless of his knowledge pertaining to the pending federal charge. Johnson has not met the second prong of Strickland, which requires him to show that he was prejudiced by the assistance of his counsel. This issue is also without merit.
III. DID JOHNSON’S GUILTY PLEA WAIVE ANY NON-JURISDICTIONAL DEFECTS FOUND IN HIS INDICTMENT?
¶ 15. Johnson argues that his guilty plea is invalid because he was arrested without a warrant. He claims that any evidence obtained during the warrant-less arrest could not be used against him because it is the fruit of an illegal arrest.
¶ 16. A valid guilty plea admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant. Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990).
¶ 17. In denying Johnson’s petition, the trial judge ruled that Johnson waived any objection he might have had to the evidence obtained by law enforcement when he pled guilty. The trial judge also found that Johnson was fully informed of the rights he was waiving. We find no error in the trial judge’s decision regarding this issue.
IV. SHOULD JOHNSON HAVE RECEIVED AN EVIDENTIARY HEARING?
¶ 18. Johnson argues that the trial court should have conducted an evidentia-ry hearing based on his claims in his petition for post-conviction relief. But Johnson offers no valid reason for his contention.
¶ 19. According to Miss.Code Ann. § 99-39-11 (Rev.2000), “if it plainly appears from the face of the motion, any annexed exhibits and prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal.” A defendant’s allegations of ineffective assistance of counsel must “raise sufficient questions of fact” to merit an evidentiary hearing. Walker v. State, 703 So.2d 266, 268 (Miss.1997).
¶20. Johnson has offered as proof of his claim his own affidavit, two letters from his attorney stating that he only represented Johnson on the state charges and that he was very surprised that the federal charges were being prosecuted, and the records of the federal investigation. Based on this evidence, the trial judge did not err in denying Johnson an evidentiary hearing.
¶ 21. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. COSTS ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING AND MYERS, JJ., CONCUR.