396 So.2d 629 (1981)
Phillip G. YATES
v.
STATE of Mississippi.
No. 52556.
Supreme Court of Mississippi.
April 8, 1981.
Robert N. Brooks, Carthage, for appellant.
Bill Allain, Atty. Gen. by Mark A. Chinn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, BROOM and HAWKINS, JJ.
BROOM, Justice, FOR THE COURT:
Cattle theft is the offense for which the defendant was convicted in the Circuit Court of Leake County. As an habitual offender, he was sentenced to life imprisonment. On his appeal, the defendant argues that the lower court erroneously (1) denied him a special venire and twelve peremptory jury challenges, (2) allowed defendant's confession into evidence, and (3) sentenced the defendant as an habitual offender. We affirm, but remand for appropriate sentence.
In September 1979 after several cows were stolen from Therril Atkinson, an investigation *630 revealed that two of the cattle had been sold to one Buster Seely in Dallas County, Alabama. Seely purchased the two cows (which Atkinson identified) from a stockyard where the defendant sold the cattle on September 26, 1979. Having the information that the defendant sold the cows to the stockyard, investigators went to his home and observed several vehicles including a blue pickup truck in his yard. A check concerning the vehicles revealed that the blue pickup was a stolen vehicle. As the defendant fled into the woods, the investigators captured him and carried him to the sheriff's office for questioning. After the defendant was read his Miranda warnings and signed a waiver of rights form, he confessed that he and one Larry Spooner stole the cows. Other facts will be stated where appropriate in this opinion.
WAS THE DEFENDANT ERRONEOUSLY DENIED A SPECIAL VENIRE AND TWELVE PEREMPTORY CHALLENGES? In his brief, the defendant cites Mississippi Code Annotated § 1-3-4 (Supp. 1980). The pertinent part of this section reads:
The terms "capital case," "capital cases," "capital offense," "capital offenses," and "capital crime" when used in any statute shall denote criminal cases, offenses and crimes punishable by death or imprisonment for life in the state penitentiary.
Mississippi Code Annotated § 13-5-77 (1972) on special venire provides that a defendant "charged with a capital crime ..." is entitled to a special venire. Pointing out that he was indicted "as an habitual criminal" under Mississippi Code Annotated § 99-19-83 (Supp. 1980), the defendant states:
It is obvious that any indictment under Section 99-19-83 is a criminal case punishable by imprisonment for life. Therefore, Appellant was indicted in a cause that would qualify as a "capital case" and as a "capital crime."
The indictment charges the defendant with the principal offense of cattle theft which is not a category of offenses for which one is entitled to a special venire under § 13-5-77, supra, or to twelve peremptory challenges under Mississippi Code Annotated § 99-17-3 (1972). The fact that the indictment advised the defendant that he was subject to a life imprisonment punishment as an habitual criminal under § 99-19-83, supra, has nothing to do with a special venire or twelve peremptory challenges. As we stated in Wilson v. State, 395 So.2d 957, § 99-19-83 does not make it a crime for one to be a multiple offender even though it affects severity of punishment.
WAS THE CONFESSION PROPERLY ADMITTED INTO EVIDENCE? Defendant's argument that the confession is inadmissible rests largely upon his contention that the sheriff told him that he would arrest his wife if he didn't cooperate which would cause their two-month old breast fed baby to be taken away from her. At a hearing on this question outside the presence of the jury, the sheriff specifically denied that he threatened to arrest defendant's wife. It was the sheriff's version that after the defendant's rights had been read to him, the defendant asked if his wife would be indicted. The sheriff testified that he told him that he didn't have anything with which to charge the defendant's wife. The sheriff's testimony was corroborated by each of the other officers who were present, and the trial court ruled that the confession was admissible into the evidence. In doing so the lower court did not commit error.
WAS THE DEFENDANT ERRONEOUSLY SENTENCED AS AN HABITUAL OFFENDER? The indictment charged the defendant as "coming under Section 99-19-83, Mississippi Code of 1972." According to the record which is not contradicted here by the state, the defendant at the time of his indictment in the present cause had not served terms of one year or more for his prior convictions dated March 14 and April 4, 1980, (as set forth in the indictment) and subsequent to the date of the present offense before the court: September 1979.
*631 In the indictment presently before us, the state in setting forth the defendant's prior convictions charged that he had been convicted on November 13, 1972, of "kidnap, murder and armed robbery" for which he served sentences from November 13, 1972, until October 20, 1977. During the trial of the present case, it was determined by the trial court that the "kidnap, murder and armed robbery" (1972 convictions) all arose out of the same incident and therefore were to be considered as only "one of the necessary two previous convictions." Two other convictions were charged in the indictment as having occurred March 14, 1980, in Simpson County and April 4, 1980, in Union County. According to the evidence, and as found by the presiding judge, the prior Simpson County crime occurred in December 1979 and sentence was imposed on March 14, 1980. The prior Union County crime occurred January 1980 and sentence therefor was on April 4, 1980.
Section 99-19-83, supra, is correctly quoted by the defendant to mean that he "... shall have been sentenced to and served separate terms of one (1) year or more... ." (Emphasis added). Inasmuch as the George County convictions arose out of the same incident, the defendant argues that
the State was required to prove that the Appellant had been sentenced to and served at least a one year term in addition to the George County sentences. Both the Simpson County and the Union County sentences were made to run concurrently with other sentences (presumably George County).
He correctly notes that it would have been impossible to begin a sentence on March 14, 1980, or on April 4, 1980, and to "serve at least one year prior to the principal trial which was conducted on May 5th and 6th, 1980."
In considering this argument, the state in its brief states:
Because we have decided not to dispute the appellant's contention on this point, we turn to the scope of a possible remand. We intend to show that, if the case is remanded, it should be remanded only for the purpose of appropriate sentencing.
We deem it appropriate here to point out the distinguishing factors of the present case from Millwood v. State, 190 Miss. 750, 1 So.2d 582 (1941). In Millwood, it was suggested that the case be remanded for appropriate sentencing, but this Court declined to make such a remand. In Millwood, the prosecutions constituting the principal convictions were for repeated offenses of possession of intoxicating liquors in which cases the prior convictions were elements of the offense to be determined by the jury. In the intoxicating liquor cases, the jurors hear the evidence relating to prior convictions which is in sharp contrast to the present case and similar cases dealing with enhanced punishment under § 99-19-83, supra, and Mississippi Code Annotated § 99-19-81 (1972). Under these two code sections, evidence of previous offenses is not given to the jury, and the indictment is not presented to the jury. Under Mississippi Uniform Criminal Rules of Circuit Court Practice 6.04 the trial judge alone considers the prior convictions and metes out the sentence. Wilson v. State, supra. Under § 99-19-83, the defendant must have been sentenced to and "served separate terms." (Emphasis added). The requirement that he previously served separate terms of one year or more is conspicuously absent from § 99-19-81, supra, which was construed in Jordan v. State, 383 So.2d 495 (Miss. 1980) wherein we held that in meting out sentence under § 99-19-81, the trial judge may consider convictions occurring after the date of the principal offense at issue.
In the case at issue sentencing was under § 99-19-83 and cannot be upheld because the record clearly reveals that the defendant had not "served separate" terms as required by the statute. We conclude on the state of this record that the cause should be remanded for proper sentence under § 99-19-81, supra, not inconsistent with this opinion. Bell v. State, 355 So.2d 1106 (Miss. 1978).
*632 CONVICTION AFFIRMED; REVERSED AS TO SENTENCE AND REMANDED FOR PROPER SENTENCING.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and HAWKINS, JJ., concur.