404 So.2d 545 (1981)
Ervin M. OSBORNE
v.
STATE of Mississippi.
No. 52793.
Supreme Court of Mississippi.
October 7, 1981.
Hawkins & Henry, W. Eugene Henry, Biloxi, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and HAWKINS, JJ.
PATTERSON, Chief Justice, for the Court:
In the Circuit Court of the Second Judicial District of Harrison County, Ervin Osborne was tried and convicted of carrying a concealed weapon after conviction of a felony. Osborne was sentenced to life imprisonment under the habitual criminal statute, Miss. Code Ann. § 99-19-83 (Supp. 1980). *546 Osborne appeals, assigning several errors, only four of which merit discussion.
On the morning of November 16, 1979, a Biloxi policeman went into the Little Apple Bar and noticed Osborne slumped over a table, apparently asleep. The police officer could see the handle of a butcher knife and a part of the blade sticking out of Osborne's pants at his waist. Osborne was placed under arrest for carrying a concealed weapon.
At trial Osborne testified that a few days before his arrest he had been chased and threatened by a man he knew. He claimed that on the night of this chase, he talked with two policemen and went to the police station and signed an affidavit against the man. The policemen did not recall such conversation and there was no record of complaints or affidavits by Osborne against anyone. On direct examination Osborne stated that he was carrying the knife because of his fear of the man who chased him.
On cross-examination Osborne changed his story testifying that on the day before his arrest he moved to a new apartment and that, in moving, he had too much to carry and stuck the knife in his pants. Osborne testified that he forgot about the knife in his pants when he went to work at the Little Apple Bar where, after work, he fell asleep. Osborne stated that the only reason he had the knife was because he had stuck it in his pants and forgotten about it.
Because of Osborne's felony convictions he was sentenced under the habitual offenders statute. In 1961 Osborne pled guilty to attempted rape, and in 1970 he was convicted of two counts of burglary.
In his first assignment of error Osborne contends that because the habitual offenders statute subjected him to punishment of life imprisonment, he was charged with a capital offense and thus, was entitled under Miss. Code Ann. § 99-17-3 (1972) to twelve peremptory challenges to the jury. We have recently addressed this question in the case of Yates v. State, 396 So.2d 629 (Miss. 1981). In Yates the defendant was charged with cattle theft and because of prior convictions, was subjected to the punishment of life imprisonment under the habitual offenders statute. Yates claimed that he was entitled to a special venire under Miss. Code Ann. § 13-5-77 (1972) which provides for special venire when the defendant is charged with a capital crime. We held that the principal offense of cattle theft was not in the category of offenses for which one is entitled to a special venire or to twelve peremptory challenges.
Likewise, in the present case the principal offense of carrying a concealed weapon after a felony conviction is not a capital crime and not an offense which entitles the defendant to twelve peremptory challenges. The jury only determines the guilt of the accused on the principal offense and does not consider the prior convictions which bring into consideration the life sentence under the habitual offenders statute. The trial judge, in a separate hearing, determines the applicability of the habitual offenders statute and the sentencing. Thus, the special challenges to the jury allowed a defendant charged with a capital crime are not necessitated when the principal offense is noncapital. Thus this assignment is without merit.
Osborne next assigns as error the lower court's refusal to grant part of his jury instruction concerning a defense to the crime of carrying a concealed weapon. The trial judge instructed the jury:
However, if you find beyond a reasonable doubt that the Defendant at the time and date charged and testified about did, in fact, carry a concealed weapon and you further find from the evidence that at such time he had been threatened and then and there had good and sufficient reason to apprehend a serious attack from his enemy and at that time he did so in fact apprehend such serious attack, then your verdict should be of not guilty.
Osborne contends the instruction was overly restrictive in requiring apprehension of an attack at the time he was carrying the concealed weapon. We have stated that *547 no particular time or place of an expected attack is required to be shown in order to justify the carrying of a concealed weapon. Thomas v. City of Tupelo, 133 Miss. 166, 97 So. 522 (1923).
However, in the present case self-defense was not adequately raised. Osborne, testifying at length about the incident in which he was chased and threatened, stated only in response to questions on direct examination, that he was carrying the knife because of fear of an attack. On cross-examination, he testified that the only reason he was carrying the knife was because he forgot to remove it from his pants after moving to a new apartment. Thus, it seems that Osborne was not entitled to an instruction on self-defense and the instruction given was not error.
In his next assignment of error Osborne objects to his sentencing under the habitual offenders statute when the principal charge against him, in essence, is a misdemeanor. Punishment for the crime of carrying a concealed weapon, a misdemeanor, is enhanced when the defendant has previously been convicted of a felony. Under Miss. Code Ann. § 97-37-1(d) (1972), when any person previously convicted of a felony is convicted of carrying a concealed weapon, the punishment is imprisonment for one to five years.
This Court has recently rejected a challenge to this effect of double enhancement when the crime of carrying a concealed weapon after conviction of a felony is combined with sentencing under the habitual offenders statute. In Baker v. State, 394 So.2d 1376 (Miss. 1981), we stated that the double enhancement rationale was not a convincing challenge to the constitutionality of Miss. Code Ann. § 99-19-83 (Supp. 1980) and did not constitute cruel and unusual punishment.
Osborne next complains of the use of his 1961 attempted rape conviction in applying the habitual offenders statute. Osborne claims that the attempted rape conviction was illegally obtained because the record was void as to whether or not he understood the consequences of a guilty plea.
The 1969 U.S. Supreme Court case, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), required that the records of conviction by a plea of guilty show a finding by the court that the plea was voluntarily and intelligently made. However, the Boykin decision was not retroactive and did not affect Osborne's 1961 conviction.
This court has long required the trial judge to determine that guilty pleas were voluntarily made. Carlton v. State, 254 So.2d 770 (Miss. 1971). Until Boykin, the determination by the judge was not required to be a part of the record. A judgment raised a presumption that "what ought to have been done by the trial judge with respect to receiving such plea was done." Bullock v. Harpole, 233 Miss. 486, 495, 102 So.2d 687, 691 (1958).
At Osborne's sentencing hearing, he was questioned about the circumstances of his guilty plea by both attorneys and by the trial judge, but he could not remember anything about the earlier conviction. On these facts the action of the trial judge in the attempted rape conviction must be assumed to have been correct. Thus, in our opinion, the conviction of attempted rape was not illegally obtained and was properly used in determining sentencing under the habitual offenders statute.
Osborne next complains of the failure of the State to specify in the indictment which section of the habitual criminal statute, Miss. Code Ann. § 99-19-81 or § 99-19-83, applied to him. Osborne argued for application of the rule stated in White v. State, 374 So.2d 225 (Miss. 1979), that "when the facts which constitute a criminal offense may fall under either of the two statutes, or when there is substantial doubt as to which of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment."
In the present case the facts which constitute the criminal offense fall only under one statute, Miss. Code Ann. § 97-37-1 *548 (1972), dealing with carrying a concealed weapon. There are not two statutes which apply to the criminal offense in this case. Sections 99-19-81 and 99-19-83 of the Miss. Code Ann. are not criminal offenses and only affect sentencing. Further the indictment in the present case fully complied with the requirements of Rule 6.04 of the Mississippi Uniform Criminal Rules by listing the principal charge and the previous convictions with the required particularity. The indictment also complied with Rule 2.05 of the Mississippi Uniform Criminal Rules concerning the form of the indictment.
We have examined all the assignments of error and find them to be without merit. There being no error, this cause is affirmed.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.