# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-KA-01799-SCT

*DANNY JUNIOR FEAZELL*

*v.*

*STATE OF MISSISSIPPI*


| | |
|---|---|
| DATE OF JUDGMENT: | 07/28/1998 |
| TRIAL JUDGE: | HON. FRANK A. RUSSELL |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CLAY S. NAILS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | JOHN RICHARD YOUNG |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 02/24/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/16/2000 |


## BEFORE PRATHER, C.J., SMITH AND WALLER, JJ.

## WALLER, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE AND FACTS

¶1. On January 23, 1998, an Alcorn County grand jury returned an indictment against Danny J. Feazell for commission of the offenses of aggravated assault, jail escape, attempted carjacking, possession of a deadly weapon after felony conviction, and grand larceny, all alleged to have occurred on or about August 5, 1997. The indictment also charged Feazell as an habitual offender pursuant to Miss. Code Ann. § 99-19-83 (1994).

¶2. The case proceeded to trial, and on July 27, 1998, the jury returned guilty verdicts on all counts. On July 28, 1998, Feazell was adjudged to be an habitual offender and was sentenced on all counts to serve life imprisonment in the custody of the Mississippi Department of Corrections without the possibility of parole or probation. Feazell appeals the imposition of an enhanced life sentence under § 99-19-83.

### DISCUSSION

### WHETHER THE TRIAL COURT ERRED IN ADJUDICATING THE DEFENDANT TO

**BE AN HABITUAL OFFENDER UNDER MISS. CODE ANN. § 99-19-83 (1994).**

¶3. The indictment alleged that Feazell is an habitual offender subject to the enhanced penalty provided for in Miss. Code Ann. § 99-19-83 (1994), and noted his prior felony convictions as follows:

(1) conviction of aggravated assault, CR94-163, Alcorn County, occurring on June 10, 1994; sentenced on January 17, 1995, to a term of 12 years, 8 years suspended, 4 years to serve.

(2) conviction of manslaughter, CR96-340, Alcorn County, occurring on August 25, 1996; sentenced on July 23, 1997, to a term of 20 years.

¶4. Before trial, the defense moved to quash the habitual offender portion of the indictment, averring that Feazell had not "served" a period of "one year or more", as is required by § 99-19-83, on the manslaughter conviction at the time the present indictment was returned. The trial court took the motion to quash under advisement, and the case proceeded to trial.

¶5. At the sentencing hearing, the State introduced into evidence certified copies of the indictments and sentencing orders for Feazell's prior felony convictions. The State called MDOC Officer Mike LaRue, who testified that Feazell had served one year and 265 days on the aggravated assault charge and began serving time on the manslaughter charge on August 25, 1996. LaRue testified that the elapsed time between August 25, 1996, and January 23, 1998 (the date on which the indictment on the present charge was returned), was 516 days; and that the elapsed time between August 25, 1996, and July 27, 1998 (the date of conviction on the present charge), was 701 days. After hearing argument, the court adjudicated Feazell to be an habitual offender pursuant to § 99-19-83.

¶6. Miss. Code Ann. § 99-19-83 (1994) provides as follows:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to **and served** separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor should such person be eligible for parole or probation.

(Emphasis added.)

¶7. The sole issue presented is whether the trial court erred in finding that Feazell had "served" one year or more on the manslaughter or second conviction, as no issue exists concerning whether Feazell "served" one year or more on the first conviction.

¶8. Computation of a year or more of service of a sentence for the purposes of § 99-19-83 requires the ascertainment of two matters: (a) the date on which the defendant began serving time on the second, predicate offense (beginning date); and (b) the event which must occur thereafter to provide the court with a certain date for purposes of computing length of service of the term of imprisonment (ending date).

¶9. Feazell contends that before one can be indicted as an habitual offender under § 99-19-83, one year must be served on the second, predicate offense. He asserts that he did not come into the custody of the

Mississippi Department of Corrections until he was sentenced on the second, predicate felony offense on July 23, 1997. In that he was indicted on the third, habitual felony offense on January 23, 1998, he argues that he had "served" only six months on the second, predicate offense. The State contends that Feazell's service time began on August 25, 1996, the date Feazell was arrested and jailed on the second, predicate felony offense, pending trial. Feazell was continuously jailed on the manslaughter charge from his arrest on August 25, 1996, until his conviction on that offense, and was not serving jail time on some other charge. The State argues that time served for the purposes of § 99-19-83 is to be computed from that arrest date to the date of sentencing on the third, habitual felony offense, July 28, 1998, which is clearly more than one year.

### Beginning Date

¶10. Although there is no precedent addressing this precise issue, it appears that the question was decided implicitly in the course of this Court's holding in *Magee v. State*, 542 So. 2d 228 (Miss. 1989).[1] In upholding the trial court's sentence under § 99-19-83, the Court reasoned that the "total amount of time served" by the defendant is determined by adding together his time served in the county jail pending trial and his post-conviction incarceration time. *Magee*, 542 So. 2d at 236.

¶11. Further buttressing the State's position and this Court's reasoning in *Magee* is Miss. Code Ann. § 99-19-23 (1994) which requires counting pre-conviction jail time as part of time served on a prisoner's sentence, as follows:

> The number of days spent by a prisoner in incarceration in any municipal or county jail while awaiting trial on a criminal charge, or awaiting appeal to a higher court upon conviction, shall be applied on any sentence rendered by a court of law or on any sentence finally set after all avenues of appeal are exhausted.

By enacting § 99-19-23, the Legislature clearly intended the law to treat pre-trial jail time the same as it treats post-conviction incarceration time for the purposes of determining time served. *See Milam v. State*, 578 So. 2d 272, 274 (Miss. 1990). Thus, since a convict is entitled to full credit toward service of his sentence for the time he was jailed prior to trial, that time, logically, should also count as time served for purposes of § 99-19-83.

### Ending Date

¶12. This Court's decision in *Yates v. State*, 396 So. 2d 629, 630-31 (Miss. 1981) appears to support Feazell's contention that the "one year or more" served must have occurred as of the date of the indictment on the third, habitual felony offense. In reversing Yates' sentence under § 99-19-83, this Court noted that "the defendant *at the time of his indictment* in the present cause had not served terms of one year or more for his prior convictions . . . ." *Id.* at 630 (emphasis added).

¶13. An indictment must include an habitual offender charge for the defendant to be validly convicted as an habitual offender. *Keyes v. State*, 549 So. 2d 949, 951 (Miss. 1989). If this Court were to adopt the State's reading of § 99-19-83 and interpret the ending date to be the date of sentencing on the third, habitual felony offense, then there could be instances where the indictment would include an habitual offender charge upon the premise that by the time the defendant is sentenced, he would have served one year on the second, predicate felony offense. Alternatively, there could also be instances where the State

moves the trial court to amend the indictment to include an habitual offender charge where the defendant had not yet served one year on the second, predicate felony offense by the time the indictment was returned, but had served such time before sentencing. Either circumstance would allow the indictment to operate prospectively. An indictment is "[a]n accusation in writing found and presented by a grand jury, . . . charging that a person therein named *has done some act, or been guilty of some omission*. . . ." Black's Law Dictionary 772 (6th ed. 1990) (emphasis added). Thus, by definition, an indictment charges alleged offenses retrospectively. To prevent an indictment from charging what will or might happen in the future or from operating prospectively, through an amendment, an ending date at the time the defendant is indicted on the third, habitual felony offense is most appropriate for computing length of service under § 99-19-83.

### Time Period

¶14. In sum, the time span to be considered for the purpose of determining "time served" under § 99-19-83 runs from the time the defendant is incarcerated on the second, predicate felony offense, including pre-trial incarceration, until the date on which the indictment on the third, habitual felony offense is returned.

¶15. Here, the record reveals that Feazell began serving his time for the commission of manslaughter on August 25, 1996. By the time he was indicted on the third, habitual felony offense on January 23, 1998, Feazell had served 516 days. Therefore, the statutory requirement of serving one year or more on the second, predicate felony offense was satisfied, and the trial court did not err in adjudicating Feazell an habitual offender under § 99-19-83.

## CONCLUSION

¶16. As there was no error in the imposition of the § 99-19-83 habitual offender provision, Feazell's sentence and the judgment of the Alcorn County Circuit Court are affirmed.

¶17. **COUNT I: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER, AFFIRMED. COUNT II: CONVICTION OF FELONY ESCAPE AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER, AFFIRMED. SENTENCE TO RUN CONSECUTIVE TO SENTENCE IN CAUSE NO. CR96-340 IN THE CIRCUIT COURT OF ALCORN COUNTY. COUNT III: CONVICTION OF ATTEMPTED ARMED CARJACKING AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER, AFFIRMED. COUNT IV: CONVICTION OF ATTEMPTED ARMED CARJACKING AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER, AFFIRMED. COUNT V: CONVICTION OF POSSESSION OF FIREARM AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER, AFFIRMED. COUNT VI: CONVICTION OF GRAND LARCENY AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS AN HABITUAL OFFENDER, AFFIRMED. APPELLANT'S SENTENCE SHALL NOT BE REDUCED OR SUSPENDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, MILLS AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

1. The issue in *Magee* was whether concurrent sentences meet the requirements of the habitual offender statute as "separate terms." *Magee*, 542 So. 2d at 235.