948 So.2d 459 (2007)
Charles NANCE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-01086-COA.
Court of Appeals of Mississippi.
January 30, 2007.
*460 Pearson Liddell, Jr., Mississippi State, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before MYERS, P.J., CHANDLER and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. Charles Nance was convicted of possession of cocaine in an amount less than one tenth of one gram by a jury in the Circuit Court of Oktibbeha County. Nance was sentenced to serve a mandatory eight years in prison without the possibility of parole as a second or subsequent offense of the Mississippi Uniform Controlled Substances Law and as a habitual offender, pursuant to Mississippi Code Annotated sections 41-29-139 (Rev.2005), 41-29-147 (Rev.2005), and 99-19-81 (Rev. 2000) and fined $20,000. Nance appeals his conviction, arguing that there was insufficient evidence for a jury to find that he knowingly possessed illegal narcotics. Finding no error, we affirm his conviction.

STATEMENT OF THE FACTS
¶ 2. Late in the evening on September 2, 2004, on Oktoc Road in Oktibbeha County, Nance was pulled over while driving, for failure to dim his headlights to an oncoming car driven by Officer Draper Williams of the Oktibbeha County Sheriff's Office. During the course of the traffic stop, Nance was unable to produce his driver's license or proof of insurance, provided the officer with a false name and driver's license number, and refused to give the officer his complete date of birth. Eventually, Nance provided Officer Draper with his correct name and the officer discovered that Nance had an outstanding warrant for his arrest. Nance was arrested on the warrant and transported to the Lowndes County Adult Detention Center. As Nance was being booked into jail, Detention Officer William Schaefer discovered in Nance's clothing a corner of a sandwich bag, which was tied up, and contained a white powdery substance. Upon finding the bag, Officer Schaefer asked Nance what the bag was or what it contained. Nance responded that the bag was a candy wrapper and directed Officer Schaefer to throw it away in the trash. Officer Schaefer collected the bag as evidence and sent the bag to the Tupelo Crime Lab for testing, where it was determined that the bag contained cocaine.

DISCUSSION
¶ 3. Nance argues that it was error for the trial court to deny his motion for a directed verdict at the close of the prosecution's case-in-chief, because there was insufficient evidence presented to the jury to prove that he knowingly possessed cocaine. The thrust of Nance's argument relies on the fact that no direct evidence was presented, and that there was insufficient circumstantial evidence, proving that *461 he knowingly possessed the cocaine found on his person during the booking process at the jail.
¶ 4. Motions for directed verdict challenge the sufficiency of the evidence. This Court follows our supreme court's standard in reviewing denials of motions for directed verdict and will reverse only when the evidence is such that "reasonable and fair-minded jurors could only find the accused not guilty." McClain v. State, 625 So.2d 774, 778 (Miss.1993). The Court should weigh the evidence in the light most favorable to the prosecution. Dilworth v. State, 909 So.2d 731, 736(¶ 17) (Miss.2005).
¶ 5. In order to convict a defendant of the offense of possession of a controlled substance, the State must prove actual or constructive possession of the narcotics by the defendant, coupled with knowledge of the presence of the drug. See Miss.Code Ann. § 41-29-139(c) (providing "it is unlawful for any person knowingly or intentionally to possess any controlled substance. . . ."); Kerns v. State, 923 So.2d 196, 199-200(¶ 11) (Miss.2005) (quoting Curry v. State, 249 So.2d 414, 416 (Miss.1971)). This court must weigh the facts and circumstances of this individual case to determine whether the State has met their burden. Kerns, 923 So.2d at (¶ 11) (quoting Curry, 249 So.2d at 416). What the State was required to show was "that [the] defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." Id. "[The possession] need not be actual physical possession." Id. "Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances." Id.
¶ 6. In this case, the facts deduced at trial showed that Nance was in actual physical possession of the cocaine. The substance was found on his person during a routine booking at the jail house. While there is no requirement that the defendant be in actual physical possession to be found guilty, in this case, the proof clearly established that Nance physically possessed the bag containing cocaine. When Nance was questioned about the bag, he told the officer that the bag was a candy wrapper and asked the officer to dispose of the bag in the garbage. At no time did Nance disclaim the bag, as to suggest that it did not belong to him. In fact, he identified the bag, falsely, as a candy wrapper. Nance's statements to the officer establish by deduction that he was the owner and in possession of the bag. He claimed ownership over the bag by giving permission to the officer to dispose of the bag containing cocaine. These acts and statements made by Nance, taken together, have sufficient weight so that a reasonable jury could find that Nance was in knowing possession of the cocaine.
¶ 7. We find that the trial court did not err in denying Nance's motion for a directed verdict. The trial judge denied Nance's motion for directed verdict ruling that the State had offered sufficient proof that Nance was in the knowing possession of cocaine. The jury considered the evidence and returned a verdict against Nance. We find that there was sufficient evidence to find Nance guilty, and thus the trial court did not err.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF EIGHT YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $20,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
*462 KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.